1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROGER M. WHEELER,

                Petitioner,

        v.

STATE OF WASHINGTON,

                Respondent.

Case No.  C05-5764FDB

ORDER TO SHOW CAUSE

This matter is before the court on petitioner's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241.  The court, having reviewed petitioner's petition and the balance of the record, hereby finds and ORDERS:

Petitioner has filed a petition for federal *habeas corpus* relief under 28 U.S.C. § 2241, challenging the fact that he was held past a "12 day waiver (30) days" in another state, before being "picked" up by the state of Washington.  Section 2241, however, is not the proper *habeas corpus* statute under which to file the petition.  Specifically, petitions under section 2241 "are used to attack the execution of a sentence." McIntosh v. United States Parole Commission, 115 F.3d 809, 811 (10th Cir. 1997).  That is, because he is challenging the fact or duration of his confinement, the appropriate statute under which to file petitioner's

ORDER
Page - 1

1   petition is 28 U.S.C. § 2254.  Id.

2        In addition, the exhaustion of state court remedies is a prerequisite to the granting of a petition for

3   writ of *habeas corpus*. 28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly

4   by respondent. 28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus may not be implied or inferred.  A

5   petition can satisfy the exhaustion requirement by providing the highest state court with a full and fair

6   opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S.

7   270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).  Full and fair presentation of

8   claims to the state court requires "full factual development" of the claims in that forum. Kenney v.

9   Tamayo-Reyes, 504 U.S. 1, 8 (1992).

10        Petitioner indicates in his petition that he has not filed an appeal or any other challenge to his

11  conviction in state court.  As such, petitioner has not presented his claims for federal *habeas corpus* relief

12  to the Washington State Supreme Court, the state's highest court.  Further, nowhere in his petition does

13  petitioner indicate the federal nature of the grounds for relief he raises.  As such, petitioner has failed to

14  properly exhaust his administrative remedies.

15        Petitioner also has failed to name a proper respondent.  Rule 2(a) of the Rules Governing Section

16  2254 Cases in the United States District Courts reads in relevant part:

17        If the applicant is presently in custody pursuant to the state judgment in question, the
       application shall be in the form of a petition for a writ of habeas corpus in which the
18       state officer having custody of the applicant shall be named as respondent

19  A petitioner for *habeas corpus* relief, therefore, must name the state officer having custody of him or her as

20  the respondent to the petition.  This person typically is warden of the institution where the petitioner is

21  incarcerated.  Failure to name the petitioner's custodian deprives federal courts of personal jurisdiction.

22  Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994 (citations omitted).  In this case,

23  petitioner has named the State of Washington as respondent.  The State of Washington is not a proper

24  respondent in a *habeas corpus* petition.

25        Accordingly, the court shall not serve the petition on respondent.  Petitioner shall file by **no later**

26  **than April 10, 2006**, an amended petition under 28 U.S.C. § 2254 showing that his grounds for federal

27  *habeas corpus* relief have been properly exhausted in state court and naming a proper respondent, or show

28  cause why this matter should not be dismissed.

ORDER
Page - 2

1    The Clerk shall send a copy of this Order to petitioner.

2    DATED this 10th day of March, 2006.

3

4

5                                                    Karen L. Strombom
                                                     United States Magistrate Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
Page - 3