UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROGER M. WHEELER,<br><br>            Petitioner,<br><br>    v.<br><br>STATE OF WASHINGTON,<br><br>            Respondent. | Case No. C05-5764FDB<br><br>REPORT AND RECOMMENDATION<br><br>Noted for May 26, 2006 |

    Petitioner is a state prisoner currently incarcerated at the Washington Corrections Center, located in Shelton, Washington. This matter is before the Court on petitioner's failure to comply with the Court's order to show cause. (Dkt. #7). After a review of the record, the undersigned submits the following report and recommendation, recommending the Court deny the petition for failure to prosecute.

DISCUSSION

    On November 23, 2005, petitioner filed a petition for federal *habeas corpus* relief under 28 U.S.C. § 2241, challenging the fact that he was held past a "12 day waiver (30) days" in another state, before being "picked" up by the state of Washington. (Dkt. #1). On March 10, 2006, the undersigned issued an order directing petitioner to cure certain deficiencies in his petition by filing an amended petition by no later than April 10, 2006, or show cause why this matter should not be dismissed. (Dkt. #7).

    Specifically, the undersigned informed plaintiff that Section 2241 was not the proper *habeas corpus* statute under which to file his petition. See McIntosh v. United States Parole Commission, 115 F.3d 809, 811 (10th Cir. 1997) (petitions under section 2241 are used to attack execution of sentence). That is,

1  because he is challenging the fact or duration of his confinement, the appropriate statute under which to file

2  petitioner's petition was 28 U.S.C. § 2254.  Id.

3  In addition, the undersigned informed petitioner that the exhaustion of state court remedies is a

4  prerequisite to the granting of a petition for writ of *habeas corpus*. 28 U.S.C. § 2254(b)(1).  If exhaustion

5  is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3).  A waiver of

6  exhaustion, thus may not be implied or inferred.  A petition can satisfy the exhaustion requirement by

7  providing the highest state court with a full and fair opportunity to consider all claims before presenting

8  them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083,

9  1086 (9th Cir. 1985).  Full and fair presentation of claims to the state court requires "full factual

10 development" of the claims in that forum. Kenney v. Tamayo-Reyes, 504 U.S. 1, 8 (1992).

11 Petitioner indicated in his petition that he had not filed an appeal or any other challenge to his

12 conviction in state court.  As such, the undersigned found petitioner had not presented his claims for

13 federal *habeas corpus* relief to the Washington State Supreme Court, the state's highest court.  Further,

14 nowhere in his petition did petitioner indicate the federal nature of the grounds for relief he raised.  As

15 such, petitioner had failed to properly exhaust his administrative remedies.

16 The undersigned further noted that petitioner failed to name a proper respondent.  Rule 2(a) of the

17 Rules Governing Section 2254 Cases in the United States District Courts reads in relevant part:

18 If the applicant is presently in custody pursuant to the state judgment in question, the
   application shall be in the form of a petition for a writ of habeas corpus in which the
19 state officer having custody of the applicant shall be named as respondent

20 A petitioner for *habeas corpus* relief, therefore, must name the state officer having custody of him or her as

21 the respondent to the petition.  This person typically is warden of the institution where the petitioner is

22 incarcerated.  Failure to name the petitioner's custodian deprives federal courts of personal jurisdiction.

23 Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994 (citations omitted).  In this case,

24 petitioner had named the State of Washington as respondent.  The State of Washington, however, is not a

25 proper respondent in a *habeas corpus* petition.

26                                                    CONCLUSION

27 Because petitioner has failed to respond to the Court's order to show cause (Dkt. #7), and because

28 his petition remains deficient for the reasons set forth above, the Court should dismiss this case with

REPORT AND RECOMMENDATION
Page - 2

prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **May 26, 2006**, as noted in the caption.

DATED this 2nd day of May, 2006.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge